996 F.2d 1222
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
MALE JUVENILE, Appellant.
 No. 92-3571.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 14, 1993.
Filed: June 18, 1993.
 
 Before WOLLMAN and LOKEN, Circuit Judges, and BOGUE,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Appellant, a male juvenile, appeals from the district court's[1] dispositional order committing him to the custody of the Attorney General until November 1, 1994 (in effect, a period of 26 months), following his admission that he committed burglary on an Indian reservation-an act which would have been a crime under 18 U.S.C. § 1153 if committed by an adult. He argues the district court erred in failing to determine whether he would have been entitled to a reduction under U.S.S.G. § 3B1.2 for his minor role in the offense if he had been sentenced as an adult. We affirm.
 
 
 2
 Title 18 U.S.C. § 5037(c)(1)(B) states in relevant part that the length of official detention for a juvenile delinquent who is less than eighteen years old may not extend beyond the maximum term of imprisonment that would be authorized if the juvenile had been tried and convicted as an adult. The Supreme Court has held, therefore, that in determining the maximum permissible sentence under section 5037(c)(1)(B), the sentencing court must determine what the sentencing range would be if the juvenile had been sentenced as an adult under the United States Sentencing Guidelines. United States v. R.L.C., 112 S. Ct. 1329, 1333, 1339 (1992). The Court stated:
 
 
 3
 Although determining the maximum permissible sentence under § 5037(c)(1)(B) will therefore require sentencing and reviewing courts to determine an appropriate guideline range in juvenile-delinquency proceedings, we emphasize that it does not require plenary application of the Guidelines to juvenile delinquents. Where that statutory provision applies, a sentencing court's concern with the Guidelines goes solely to the upper limit of the proper guideline range as setting the maximum term for which a juvenile may be committed to official detention....
 
 
 4
 R.L.C., 112 S. Ct. at 1339 (footnote omitted). Here, even if the district court had determined that appellant would have been entitled to a two-level reduction for his minor role in the offense if he had been sentenced as an adult under the Guidelines, the applicable range would have been 24 to 30 months' imprisonment-a range that appellant concedes. The 26-month term of official detention fell below the 30-month maximum. Thus, the disposition was proper.
 
 
 5
 Accordingly, we affirm.
 
 
 
 *
 The HONORABLE ANDREW W. BOGUE, Senior United States District Judge for the District of South Dakota, sitting by designation
 
 
 [1]
 The HONORABLE RICHARD G. KOPF, United States District Judge for the District of Nebraska